*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

NAZIR J-S ABED,

Defendant-Appellant.

UNPUBLISHED
March 3, 2022

No. 354393
Washtenaw Circuit Court
LC No. 19-000878-FH

Before: STEPHENS, P.J., and SAWYER and SERVITTO, JJ.

PER CURIAM.

Defendant was convicted, following a jury trial, of aggravated stalking, MCL 750.411*i*, and sentenced to serve eight months in jail. Defendant appeals as of right, and we affirm.

Defendant was convicted in connection with his stalking behavior toward complainant despite a personal protection order, and also a no-contact order that was included with a previous adjudication. On appeal, defendant argues that the trial court erred by not specifically instructing the jury not to consider defendant's religion when deciding the case, and his trial attorney provided ineffective assistance for not having requested such an instruction. We disagree.

Defendant waived any appellate claim of instructional error by expressly approving the instructions as given. "When defense counsel clearly expresses satisfaction with a trial court's decision, counsel's action will be deemed to constitute a waiver." *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011). In this case, defense counsel did not object to the lack of an instruction regarding defendant's religion during any part of the proceedings, including with the preliminary instructions after the jury was sworn, and the final instructions at the close of proofs. Significantly, after providing its instructions, the trial court asked whether there were "any objections to the instructions as read," and defendant's counsel responded, "No." A party's statement of "no objection" is not distinguishable from declaring, "I approve," and so constitutes a waiver of objections. *Id.* at 504-505. Defense counsel's failure to object to instructions that did not include language about religion, and counsel's expressed approval of the instructions that were given, "clearly expresse[d] satisfaction with [the] trial court's decision," which "constitute[s] a waiver." *Id.* at 503. "A defendant may not waive objection to an issue before the trial court and

then raise it as an error on appeal." *People v Carter*, 462 Mich 206, 214; 612 NW2d 144 (2000) (quotation marks and citation omitted). However, review of the issue is still required to resolve defendant's ineffective-assistance claim.

A defendant has the right to "a properly instructed jury." *People v Mills*, 450 Mich 61, 80; 537 NW2d 909 (1995). "[T]he trial court is required to instruct the jury concerning the law applicable to the case and fully and fairly present the case to the jury in an understandable manner." *Id*. Jury instructions are reviewed "in their entirety to determine if there is error requiring reversal." *People v McFall*, 224 Mich App 403, 412; 569 NW2d 828 (1997). "Jury instructions must not exclude consideration of material issues, defenses, and theories for which there is supporting evidence." *People v Kurr*, 253 Mich App 317, 328; 654 NW2d 651 (2002). There is no error where the instructions "fairly presented the issues to be tried and sufficiently protected the defendant's rights." *McFall*, 224 Mich App at 412-413.

In this case, the trial court included with its final instructions that "in deciding whether you believe a witness's testimony, you must set aside any bias or prejudice you may have based on the race, gender, national origin, or sexual orientation of the witness." Defendant argues that the trial court should have included "religion" in the list of biases that the jurors were instructed to set aside, and observes that the use note accompanying the pertinent standard instruction, M Crim JI 3.6, states that "[t]he court should substitute other improper considerations, such as religion or sexual orientation, where appropriate."

Defendant also asserts that a prospective juror inserted the issue of defendant's Muslim religion into the proceedings. In particular, during jury selection voir dire, the trial court asked whether there was anything that would make it hard for any of the prospective jurors to serve, and one told the trial court that he could not judge defendant fairly because of what he knew about Islam and the Koran. That potential juror was excused for cause, the trial court questioned the rest of the panel regarding whether "you could render a true, just, fair and impartial verdict based solely on the evidence and my instructions," and each juror responded affirmatively. Defense counsel also asked the jurors whether any of them had a problem with defendant's nationality or religion, and whether they could decide the case on "a fair, impartial basis, based on the facts and the reason that the person who is testifying to those facts may have for saying what they say?" No response from a juror was noted on the record.

"No person may be deemed incompetent as a witness, in any court, matter or proceeding, on account of his opinions on the subject of religion. No witness may be questioned in relation to his opinions on religion, either before or after he is sworn." MCL 600.1436. In *People v Jones*, 82 Mich App 510, 516; 267 NW2d 433 (1978), this Court stated that the purpose of the latter statute was "to strictly avoid any possibility that jurors will be prejudiced against a certain witness because of personal disagreement with the religious views of that witness," recognizing "the deep personal feelings many people hold on religion, feelings that may unavoidably conflict with a juror's sworn duty to decide solely on the evidence presented, without injection of personal prejudices." In this case, however, defendant was not asked at trial about his religious beliefs. Further, defendant does not identify any mention of Islam in any of the testimony, and we have found none, other than statements from defendant and his brother in which each indicated that complainant and defendant were both in attendance at a family party marking the end of Ramadan.

Because the jurors were aware of defendant's religion because of the potential juror's comment, and the testimonial references to Ramadan, an instruction to set aside any prejudice or bias based on religion would have been appropriate. However, the proceedings included no questioning or argument suggesting that Islam, or religion generally, were relevant to the case. It was thus within the range of reasonable and principled outcomes for the trial court to conclude that an instruction on religion was not necessary.

Further, even "if an applicable instruction was not given, the defendant bears the burden of establishing that the trial court's failure to give the requested instruction resulted in a miscarriage of justice." *People v Riddle*, 467 Mich 116, 124; 649 NW2d 30 (2002). In order to reverse, a defendant must demonstrate that the instructional error "undermined reliability in the verdict." *People v Cornell*, 466 Mich 335, 363; 646 NW2d 127 (2002) (citations omitted). In this case, there was no evidence that any juror considered defendant's religion during deliberations. On the contrary, the trial court and defense counsel ensured that religion would not be considered by questioning the jurors about whether they could be fair and impartial after the prospective juror raised the issue. "Jurors are presumptively competent and impartial," unless a party can demonstrate grounds for disqualification. *People v Johnson*, 245 Mich App 243, 256; 631 NW2d 1 (2001). Further, the trial court instructed the jurors that "[y]ou must not let sympathy or prejudice influence your decision," to "set aside any bias or prejudice you may have," and, repeatedly, to decide the case only on the basis of the evidence. "[J]urors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). Because defense counsel discussed, and agreed with, the instructions the trial court provided without requesting an instruction regarding religion, because the given instructions required the jury to decide the case on the basis of the evidence while setting aside biases or prejudices, because religion was not an issue raised during the trial, and because the record includes no indications that the jury interjected religion into their deliberations, defendant has not demonstrated that the instructions were improper or otherwise denied him a fair trial.

As noted, however, defendant argues that defense counsel provided ineffective assistance by failing to ensure that his jury was instructed specifically not to consider religion while deciding the case. An unpreserved claim of ineffective assistance of counsel is reviewed for errors apparent on the record. *People v Unger*, 278 Mich App 210, 253; 749 NW2d 272 (2008). The constitutional question whether an attorney provided ineffective assistance, depriving a defendant of his right to counsel, is reviewed de novo. *Id*. at 242.

A defendant's right to counsel is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963 art 1, § 20. This "right to counsel encompasses the right to the effective assistance of counsel." *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). The "[e]ffective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001). In order to prevail on a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient" and (2) "that counsel's deficient performance prejudiced the defense." *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007) (quotation marks and citation omitted). A counsel's performance is deficient if "it fell below an objective standard of professional reasonableness." *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). The performance will be deemed to have prejudiced the defense if it is reasonably probable that, but for counsel's error, "the result of the proceeding would have been different." *Id.*

In this case, had defendant's counsel requested an instruction not to consider religion, the trial court would likely have provided it. However, as discussed above, the evidence presented did not necessitate such an instruction, and nothing in the record suggests that the lack of such instruction impacted the jury's deliberations. Moreover, defense counsel may have declined to request an instruction on religion in order to avoid drawing more attention to defendant's status in that regard. For these reasons, defendant cannot demonstrate that his trial attorney rendered ineffective assistance of counsel.

Affirmed.

/s/ David H. Sawyer
/s/ Deborah A. Servitto